John C. Burns and Katherine S. Burns v. Commissioner.
Burns v. Commissioner
docket no. 4326-66
United States Tax Court
T.C. Memo 1967-237; 1967 Tax Ct. Memo LEXIS 25; 26 T.C.M. (CCH) 1207; T.C.M. (RIA) 67237; November 27, 1967
*25 Herbert P. Phillips, 91 Merrimack St., Haverhill, Mass., for the petitioners. Rufus E. Stetson, Jr., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency in the amount of $876.38 in petitioners' income tax for 1963. Petitioners, husband and wife, filed a joint income tax return for 1963 with the district director of internal revenue at Boston. They resided in Andover, Massachusetts, when the petition herein was filed. The husband will sometimes hereinafter be referred to as the petitioner. The sole issue is whether he received taxable income in the amount of $4,546.44 as a result of the payment of that amount by his employer to a bank in partial discharge of an obligation incurred by petitioner when he borrowed $10,500 from the bank to make a down payment on a house in Andover. During 1963 and for some years prior thereto petitioner was an employee of Insinger Machine Company. In 1962 he resided in Shaker Heights, near Cleveland, Ohio, and performed his services for Insinger in the Cleveland area. In 1962, at the request of his employer, he was transferred to its plant or offices in Andover. He had purchased his Shaker *26 Heights house some years earlier for $28,500. It was put up for sale when he was transferred out of Cleveland, but was not in fact sold for about a year. It was finally sold in 1963 for $22,800, and petitioner sustained a loss of $5,700 on the sale. Meanwhile, petitioner was greatly concerned about the situation but was encouraged by his employer to buy a new home in Andover. In order to make a down payment for the new home, he borrowed $10,500 from a bank. His employer guaranteed the loan, and gave petitioner assurance that if the net proceeds to be derived from the sale of the Ohio property were insufficient to repay the loan, it would make up the difference. Petitioner in fact received a check in the amount of $5,953.56 as the net proceeds of the sale, and endorsed it to Insinger, which thereupon paid $10,500 to the bank to discharge petitioner's liability in respect of the loan. The Commissioner has included $4,546.44 in petitioner's 1963 income on the theory that the difference between the $10,500 paid by Insinger and the $5,953.56 represents taxable income to petitioner. The question before us is whether Insinger, by thus absorbing part of the loss on the sale of the Ohio *27 home, has paid additional compensation to the husband. Petitioners' position that it did not is supported by . But that case was explicitly disapproved in . Cf. also . We think that Bradley is not fairly distinguishable; it has been affirmed by the Court of ; and, contrary to the suggestion of petitioners, we are not disposed to reconsider the matter. Decision will be entered for the respondent.